UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  **09-CV-61391-Altonaga-Brown**

VINNETTE A. HUTSON,

     Plaintiff,

v.

LTD FINANCIAL SERVICES, L.P.,

     Defendant.

_____/

FILED by _VT_ D.C.
ELECTRONIC

**Sept. 3, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

## COMPLAINT
## JURY DEMAND

    1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

    2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

    3.    Plaintiff, VINNETTE A. HUTSON, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.  Defendant, LTD FINANCIAL SERVICES, L.P., is a limited

partnership and citizen of the State of Texas with its principal place of business at

Suite 1600, 7322 Southwest Freeway, Houston, Texas 77074.

5.  Defendant regularly uses the mail and telephone in a business the

principal purpose of which is the collection of debts.

6.  Defendant regularly collects or attempts to collect debts for other

parties.

7.  Defendant is a "debt collector" as defined in the FDCPA.

8.  Defendant was acting as a debt collector with respect to the collection

of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.  Defendant sought to collect from Plaintiff an alleged debt arising from

transactions incurred for personal, family or household purposes.

10.  Defendant left the following messages on Plaintiff's voice mail on her

cellular telephone on or about the dates stated:

August 8, 2008
Yes, this documented message is intended for Vinnette A. Hutson. This is
Veronica. I just spoke with you. I need to contact you again in regards to the
business matter you have left here unresolved. It is up for review and
decision on this is going to be made with or without you. I would like to
include you in that decision. I have been trying to and I don't know what just
happened. I don't know if the line dropped or what, but it is in your best
interest to contact me back. My toll free number is 1-866-998-2500. My
direct extension is.

August 18, 2008
This call is for Vinnette Hutson. This is Mary. Please return my phone call. I do have a toll free number 1-866-998-2500 and my extension is 6456.

September 3, 2008
Hello. I am calling for Vinnette Hutson. This is Mary. My number is 866-998-2500 and my extension is 6456. I am currently in the office until 9 PM. Please return my phone call.

September 12, 2008
Hi. This message is intended for Mr. or Mrs. Hutson. My name is Jason. It is important that you contact my office at 866-998-2500, extension is 6272.

September 15, 2008
Hi. This message is for Vinnette A. Hutson. This is Teresa. If you could please return my call at 866-998-2500. That number again is 866-998-2500, extension is 6246. Please reference 9905539. I will be in the office until 9 PM Central time and I will return tomorrow at 12 Central. Thank you very much for your time Ms. Vinnette and have a very good day.

September 18, 2008
Hi. This is Vicky Brooks. We must have gotten disconnected Ms. Hutson. Once again there was a review actually pending here. Fortunately, it has given me 24 hours to correspond with you. This is not a sales or a solicitation call. At this point, you can have you or your representative get in contact with me with reference number 9905539. Once again you do have 24 hours to correspond back with us prior to the client making their final determination on this matter. Good luck.

September 19, 2008 – 9:17 AM
Hi. This is Vicky. Vinnette Hutson. I am actually…this is the second attempt. I need to know what we are going to go ahead and do regarding the decision that we have to make on this matter with reference number 9905539. At this point it is actually in the best of your interest. I will try to get in contact with you and send the notification. Hi. This is Vicky. Ms. Hutson. We need a call back. So go ahead and give me a call back. I would hate to have to send the notification out to your place of employment. 866-998.

September 19, 2008 – 9:51 AM

3

Hi. This is Vicky Brooks.

September 19, 2008 – 10:35
Hi. This is Vicky Ms. Hutson. I need to get in contact with you. I am going to go ahead and forward this information to the actually, um the other department we have available so. I mean I gave you the opportunity to voluntarily take care of this matter but yet you are calling back asking for an apartment. However, I do need a call back. 11 o'clock is the deadline. Good luck on this matter, Ms. Hutson. 866-998-2500, extension 6242, and I thought your phone was not working. Thanks for calling me back.

September 22, 2008
7. I appreciate your prompt response. If you didn't get a chance to write down the phone number, this message will repeat. I have an important call for the party at this number. Please return the call to 1-866-324-5257. This is not a solicitation or a sales call. Please call 1-866-324-5257. I appreciate your prompt response. If you didn't get a chance to write down the phone number.

October 6, 2008
Hi. This message is for Vinnette. Vinnette Hutson. This is Brianna. I need you to give me a call back here in my office. My number is 866-998-2500 and my direct extension at 6222. It is important please that I do hear back from you as soon as possible. Thank you.

November 6, 2008
Hello. This message is exclusively for Vinnette Hutson. Mrs. Hutson, this is Holly Molden with LTD Financial Services. I would appreciate if you would return my call toll free at 866-998-2500, extension 6447. Please note that I am a debt collector. We are attempting to collect a debt and any information obtained will be used for that purpose. Again that number is at 866-998-2500, extension.

January 20, 2009
Hello. This message is exclusively for Vinnette Hutson. Miss Hutson, this is Melvin Washington with LTD Financial Services. I would appreciate if you would return my call toll free at 866-998-2500, extension 6386. Please note that I am a debt collector. We are attempting to collect a debt and any information obtained will be used for that purpose.

11.    Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

12.    The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13.    Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector, failed to inform the Plaintiff of its name and failed to disclose the purpose of Defendant's messages.

14.    In Defendant's September 19, 2008 message, Defendant threatened it would communicate with Plaintiff's employer: "I would hate to have to send the notification out to your place of employment."

15.    The FDCPA prohibits debt collectors from communicating with third-parties like Plaintiff's employer without Plaintiff's consent.

16.    The FCCPA prohibits Defendant from communication with Plaintiff's employer without Plaintiffs consent, unless a final judgment has been entered – which had not occurred.

17.    Defendant threatened to communicate with Plaintiff's employer in order to obtain money from Plaintiff by triggering payment for fear of loss of employment.

18.     Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone.

19.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

20.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

21.     Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

22.     Plaintiff incorporates Paragraphs 1 through 21.

23.     Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.      Damages;

b.    Attorney's fees, litigation expenses and costs of suit; and

c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

24.    Plaintiff incorporates Paragraphs 1 through 21.

25.    Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and or that it is a debt collector and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.    Damages;

b.    Attorney's fees, litigation expenses and costs of suit; and

c.    Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

26.    Plaintiff incorporates Paragraphs 1 through 21.

7

27.    Defendant caused Plaintiff's telephone to ring repeatedly or

continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C

§1692d(5). See *Sanchez v. Client Servs.*, 520 F. Supp. 2d 1149, 1160-1161 (N.D.

Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

   a.    Damages;

   b.    Attorney's fees, litigation expenses and costs of suit; and

   c.    Such other or further relief as the Court deems proper.

## COUNT IV
## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE

28.    Plaintiff incorporates Paragraphs 1 through 21.

29.    Defendant engaged in conduct the natural consequence of which is to

harass, oppress, or abuse by using an automatic telephone dialing system or pre-

recorded or artificial voice in placing telephone calls to Plaintiff's cellular

telephone to which Plaintiff had not consented, in violation of 15 U.S.C §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

   a.    Damages;

   b.    Attorney's fees, litigation expenses and costs of suit; and

8

c.      Such other or further relief as the Court deems proper.

## COUNT V
## FALSE SENSE OF URGENCY

30.     Plaintiff incorporates Paragraphs 1 through 21.

31.     By claiming the matter required immediate attention when it did not,

Defendant created a false sense of urgency in violation of 15 U.S.C §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

a.      Damages;

b.      Attorney's fees, litigation expenses and costs of suit; and

c.      Such other or further relief as the Court deems proper.

## COUNT VI
## FALSE DECEPTIVE OR MISLEADING STATEMENT REGARDING
## THREAT TO COMMUNICATE WITH PLAINTIFF'S EMPLOYER

32.     Plaintiff incorporates Paragraphs 1 through 21.

33.     Defendant used a false, deceptive or misleading representation when it

claimed its September 19, 2008 message that it would communicate with

Plaintiff's employer regarding the alleged debt in violation of 15 U.S.C. §1692e.

The FDCPA prohibits debt collectors from communicating with third-parties like

Plaintiff's employer without Plaintiff's consent.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

9

a.    Damages;

b.    Attorney's fees, litigation expenses and costs of suit; and

c.    Such other or further relief as the Court deems proper.

## COUNT VII
## HARASSMENT OR ABUSE REGARDING THREAT TO COMMUNICATE WITH PLAINTIFF'S EMPLOYER

34.    Plaintiff incorporates Paragraphs 1 through 21.

35.    Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse when it claimed its September 19, 2008 message that it would communicate with Plaintiff's employer regarding the alleged debt in violation of 15 U.S.C. §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.    Damages;

b.    Attorney's fees, litigation expenses and costs of suit; and

c.    Such other or further relief as the Court deems proper.

## COUNT VIII
## FALSE REPRESENTATION OR DECEPTIVE MEANS TO COLLECT A DEBT OR OBTAIN INFORMATION

36.    Plaintiff incorporates Paragraphs 1 through 21.

37.     Defendant used a false representation or deceptive means to collect a debt or to obtain information concerning Plaintiff when it claimed its messages were "important" when they were not in violation of 15 U.S.C. §1692e(10).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT IX
## FALSE, DECEPTIVE OR MISLEADING STATEMENTS REGARDING A "DECISION" TO BE MADE

38.     Plaintiff incorporates Paragraphs 1 through 21.

39.     Defendant falsely, deceptively and misleadingly stated that its client would make a decision about Plaintiff, or words to that effect, when no such decision was to be made in violation of 15 U.S.C §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT X

## THREAT TO COMMUNICATE WITH PLAINTIFF'S EMPLOYER IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

40. Plaintiff incorporates Paragraphs 1 through 21.

41. Defendant's September 19, 2008 threat to communicate with Plaintiff's employer regarding the alleged debt is in violation of Fla. Stat. §559.72(3).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

        a.     Damages;

        b.     Attorney's fees, litigation expenses and costs of suit; and

        c.     Such other or further relief as the Court deems proper.

## COUNT XI
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

42. Plaintiff incorporates Paragraphs 1 through 21.

43. By failing to disclose its name, that it is a debt collector and the purpose of its communication, by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass, Defendant willfully

12

engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

     a.    Damages;

     b.    Attorney's fees, litigation expenses and costs of suit; and

     c.    Such other or further relief as the Court deems proper.

## COUNT XII
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

44.    Plaintiff incorporates Paragraphs 1 through 21.

45.    Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

     a.    Damages; and

     b.    Such other or further relief as the Court deems proper.

## COUNT XIII
## DECLARATORY AND INJUNCTIVE RELIEF

46.    Plaintiff incorporates Paragraphs 1 through 21.

47.   Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant's practices are in violation of the TCPA and the FCCPA.

48.   The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

49.   Plaintiff seeks a permanent injunction prohibiting Defendant from continuing violation of the FCCPA.

50.   Pursuant to 47 U.S.C § 227 (c)(5)(A), Plaintiff seeks a permanent injunction prohibiting Defendant from continuing violation of the TCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment:

a.   declaring that Defendant's practices violate the TCPA and the FCCPA;

b.   permanently injoining Defendant from engaging in the violative practices; and

c.   Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this ___ day of September, 2009.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339

14

Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com

By:_____

Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Vinnette A. Hutson | LTD Financial Services, L.P. |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES) **BROWARD**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION
OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842**
**FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000**

ATTORNEYS (IF KNOWN)

*0:09 CV 61391-Altmaga*
*Brown*

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

| II.  BASIS OF JURISDICTION | III.  CITIZENSHIP OF PRINCIPAL PARTIES | | | |
|---|---|---|---|---|
| (PLACE AN X IN ONE BOX ONLY) | (For Diversity Case Only) | | | (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT |

|  | |  | | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|---|
| ☐ 1. U.S. Government Plaintiff | ☒ 3. Federal Question (U.S. Government Not a Party) | Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | 1 | | ☐ 1 | |
| ☐ 2. U.S. Government Defendant | ☐ 4. Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | | 2 | |
| | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | | | ☐ 3 | ☐ 3 |

**IV.  CAUSE OF ACTION**    (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.    1-2   days estimated (for both sides) to try entire case   15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act**

**V.  NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A  CONTRACT | A  TORTS | | B  FORFEITURE PENALTY | A  BANKRUPTCY | A  OTHER STATUS |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A  PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B  SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A  LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A  REAL PROPERTY** | **A  CIVIL RIGHTS** | **B  PRISONER PETITIONS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **A  FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General* | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other* | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights *A or B | | | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | | | | | |

**VI.  ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1. Original Proceeding    ☐ 2 Removed from State Court    ☐ 3. Remanded from Appellate Court    ☐ 4. Refiled    ☐ 5. Transferred from another district (specify)    ☐ 6. Multidistrict Litigation    ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII.  REQUESTED IN COMPLAINT**   CHECK IF THIS IS A ☐ UNDER F.R.C.P. 23   CLASS ACTION No    DEMAND $ N/A    Check YES only if demanded in complaint
**JURY DEMAND:**   ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):    JUDGE    DOCKET NUMBER

DATE: September 3, 2009    SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT    FOR OFFICE USE ONLY: Receipt No. *549343*   Amount: *350.00*
Date Paid: _____    M/ifp: _____